IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| CHARLES B. BUCHHEIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-4038-CM-KGS |
| | ) | |
| CAROL G. GREEN, Clerk of the Appellate Courts State of Kansas, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This case comes before the court on the defendant's Motion to Review Magistrate's Order and Motion for Stay (Doc. 8), and plaintiff's Motion to Strike [Defendant's Motion] as well as Sanction Defendant's Counsel [Stephen Phillips] (Doc. 10). For the reasons set forth below, the court denies the motions. In this order, this court also exercises its authority under 28 U.S.C. § 1915(e)(2) to screen the complaint. Because the court determines that it lacks subject matter jurisdiction, the court dismisses plaintiff's complaint without prejudice.

**I.   Defendant's Motion to Review Magistrate's Order and Motion for Stay (Doc. 8)**

On April 18, 2012, United States Magistrate Judge K. Gary Sebelius issued an order granting plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 7.) Defendant moves for review of this order on the basis that "[t]he magistrate judge did not screen the case for merit as is required by 28 U.S.C. § 1915(e)." (Doc. 9 at 1.) Defendant also requests that this court dismiss plaintiff's petition under § 1915(e), and requests that all other proceedings in this matter be stayed pending resolution of the motion.

Specifically, defendant argues that the magistrate judge's order granting *in forma pauperis* status "is contrary to law because [the magistrate] failed to screen the case under 28 U.S.C. § 1915(e)(2)(B), screening which is mandatory." (Doc. 9 at 3.) Defendant acknowledges that a magistrate judge does not have authority to actually dismiss a case, but suggests that the magistrate judge has a mandatory duty to issue a report to the district court judge recommending if the case should be dismissed. (Doc. 9 at 5.) Defendant suggests that failing to perform the screening prior to service of summons eviscerates the purpose of § 1915(e)(2).

Although the motion makes no mention of it, defendant's counsel filed a strikingly similar motion in a different case in this district, which the court summarily denied.[1] *See Ebrahim Adkins v. Kan. Comm'n on Judicial Qualifications*, No. 11-4109-SAC, Memorandum and Order filed Oct. 20, 2011 (Doc. 15). Likewise, this court denies the defendant's instant request for review of the magistrate's order. As stated by Judge Crow in *Adkins*:

> The defendant cites no authority that requires a court to consider § 1915(e)(2) as factors on a non-prisoner litigant's ifp request. In sum, the defendant's motion is devoid of legal merit in arguing that the magistrate judge acted contrary to the law in granting ifp without simultaneously making a § 1915(e)(2) determination.

The instant motion also offers no legal authority for the proposition that a magistrate judge, in ruling on an *in forma pauperis* request, "is required" to screen a case for merit pursuant to § 1915(e)(2). Unlike § 1915A, the language of § 1915(e)(2) does not impose a duty to screen or review "before service of summons." Instead, as Judge Crow noted, "§ 1915(e)(2)(i) and (ii) require a court to dismiss a case filed by an ifp litigant at any time 'the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted.'" (citing *Merryfield v.*

---

[1]Indeed, the motion contains reference to "Adkins," the plaintiff in that action, rather than to "Buchheit," who is the plaintiff here. (*See* Doc. 9 at 6.)

-2-

*Jordan*, 584 F.3d 923, 926 n.3 (10th Cir. 2009)). For non-prisoner cases, like this one, the duty to dismiss arises with the determination that statutory grounds exist for dismissal, but the only time restriction established by § 1915(e)(2) is that dismissal must occur sometime—indeed "at any time"—after *in forma pauperis* status has been granted. The court is uncertain why defendant's counsel would file a motion based on a legal argument previously determined to be meritless. Regardless, defendant's motion to review is denied.

## II.     Plaintiff Fails to State a Claim or Defendant is Immune

Because the issue is now before it, the court will address whether plaintiff's action survives a *sua sponte* dismissal pursuant to § 1915(e)(2).[2]

**Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss *sua sponte* an *in forma pauperis* action if it: is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 785 (10th Cir. 2010) (affirming dismissal of non-prisoner's civil lawsuits under § 1915(e)(2)(A)). Dismissal is warranted "if the plaintiff cannot make a rational argument on the law and facts," *Whitney v. New Mexico*, 113 F.3d 1170, 1172 (10th Cir. 1997) (citations and quotations omitted), or if it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that amendment would be futile, *id.* at 1173 (citations and quotations omitted).

---

[2]Defendant's motion is not a motion to dismiss although it generally suggests that plaintiff's petition is "completely frivolous, the only defendant is immune from suit, and [plaintiff] has failed to state a claim." (Doc. 9 at 8.)

-3-

The court may find that a claim is frivolous when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But the court may not dismiss a complaint merely because the allegations are unlikely or improbable. *Id.* Generally, a complaint is legally frivolous if it rests on an "indisputably meritless legal theory" such as an "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The court is mindful of the fact that plaintiff is proceeding *pro se*. Because of plaintiff's status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court does not, however, assume the role of advocate for plaintiff simply because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor will the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74 (citation omitted).

The court is also mindful that, as courts of limited jurisdiction, federal courts may exercise jurisdiction only when authorized. *Strohm v. United States*, No. 06-4139-SAC, 2007 WL 3120704, at *1 (D. Kan. Oct. 24, 2007) (citing *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994)). A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). There is a presumption against federal jurisdiction, *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999), and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Mere conclusory allegations of jurisdiction are not enough. *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

**Analysis**

Plaintiff's complaint is far from clear, and it contains a number of far-fetched and conclusory allegations.[3] But he claims to seek "prospective injunctive relief" to restrain defendant's unconstitutional conduct. A careful review suggests that the complained-of conduct is defendant's denial of his *in forma pauperis* motion and related docketing statement in a purported appeal from the dismissal of a Child in Need of Care ("CINC") action, Case No. 10JC000134, out of Shawnee County District Court.[4] Plaintiff suggests that he was intentionally denied *in forma pauperis* status to prevent him from "exposing . . . corruption and concealment" of "civil rights criminal statute violations [*sic*] by State of Kansas Judicial branch officials." (Doc. 1 at 5.) He claims the denial was unconstitutional in violation of, *inter alia*, § 1983, but he specifically asserts he is not bringing a § 1983 claim. (*See* Doc. 1 at 5–6, 7.) He asserts that defendant denied plaintiff's right to due process and equal protection by "not docketing or assigning case numbers to appeals and original actions

---

[3]Among these is an allegation that "State of Kansas Judicial Branch officials were involved in retaliating against the Plaintiff for his First Amendment and 42 U.S.C. § 1981 protected speech as [a] citizen advocating State of Kansas Judicial Branch officials involvement in a for profit industry to take infants and adolescents through kidnapping accomplished by extrinsic fraud, deception and extortion from Kansas parents . . . ." (Doc. 1 at 2–3.)

[4]It appears that the CINC action involved plaintiff Buchheit's biological child, and the Shawnee County District Court found that the child had suffered physical injury; the parents had a longstanding domestic dispute; the child's health and welfare was endangered by remaining in the home; and temporary custody should be with SRS. (*See* Doc. 1-1, 1-3 at 2.) The CINC action was later dismissed. (*See* Doc. 1-4 at 9.) It appears that plaintiff filed a notice of appeal of this dismissal, and also filed a petition for writ of mandamus against the judge and the assistant district attorney in the CINC action. Plaintiff apparently sought leave to proceed *in forma pauperis* with the Kansas appellate courts in both actions. Although the facts alleged in the complaint are not clear, it appears that the court granted *in forma pauperis* status in the mandamus action, Case No. 12-107775-S, but denied *in forma pauperis* status in the appeal from the CINC case.

-5-

submitted to her office by the Plaintiff." (Doc. 1 at 8.) He asks the court to require defendant to enforce the *in forma pauperis* rule, and to allow plaintiff to proceed with his state court appeal. Specifically, he prays that the court "restrain the Defendant from violating his Fourteenth Amendment . . . rights and allow the Plaintiff to file his Appeal in a timely manner, to include the original Documents, as originally intended, by the Plaintiff." (*Id*.)

**State Sovereign Immunity**

Plaintiff specifically claims to seek only "prospective injunctive relief" and not damages. Although the Eleventh Amendment bars suits for damages against state defendants acting in their official capacities, the United States Supreme Court carved out an exception to state sovereign immunity for suits seeking prospective injunctive relief in *Ex Parte Young*, 209 U.S. 123, 159–60 (1908). *See, e.g.*, *Hunter v. State*, No. 08-3075-SAC, 2008 WL 2397559, at *1–2 (D. Kan. June 10, 2008). However, whether a request for injunctive relief is prospective requires a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Publ. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)). "The [*Ex parte Young*] exception has been 'tailored to conform as precisely as possible to those specific situations in which it is necessary to permit the federal courts to vindicate federal rights.'" *Idaho*, 521 U.S. at 277 (quoting *Papasan v. Allain*, 478 U.S. 265, 277 (1986)).

This case does not fit within the *Ex Parte Young* exception. Plaintiff does not seek to avoid a future or ongoing violation of his federal rights. He simply wants this court to order the state appellate court clerk's office to accept a notice of appeal, docketing statement, and *in forma pauperis* motion that the clerk's office previously denied or refused to accept. This relief, despite the label plaintiff attaches to it, is retrospective, not prospective. Therefore the Eleventh Amendment bars his

-6-

suit. *See Willner v. Frey*, 421 F. Supp. 2d 913, 923–25 (E.D. Va. 2006). Accordingly, this court lacks subject matter jurisdiction over the action. *See Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558–59 (10th Cir. 2000) (affirming that the Eleventh Amendment prevented the district court from exercising subject matter jurisdiction over plaintiff's claims).

**Mandamus**

To the extent this court can construe plaintiff's petition as one for mandamus, it also fails. A federal district's mandamus authority extends only to federal officials. *See* 28 U.S.C. § 1361 ("The district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); *see also Amisub (PSL), Inc. v. State of Colo. Dep't of Social Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."); *Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) (holding federal courts are without jurisdiction to grant a writ of mandamus against state and local officials).

**Conclusion**

Plaintiff brings this action based on the clerk's decision not to accept his notice of appeal, docketing statement, or motion for *in forma pauperis* status. The claims against Carol Green in her official capacity are claims against the State of Kansas. *See Moore v. Bd. of Cnty. Comm'rs of Cnty. of Leavenworth*, 507 F.3d 1257, 1258 (10th Cir. 2007). The Eleventh Amendment provides immunity from federal suits against state agencies for damages and other forms of relief. *Federal Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765 (2002). While the Eleventh Amendment does not bar official-capacity suits that seek only prospective injunctive relief, *Chamber of Commerce v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010), the court finds no bona fide claim for prospective relief against defendant in her official capacity. The court lacks subject matter

-7-

jurisdiction and therefore must dismiss the complaint without prejudice. Even if the Eleventh Amendment did not prevent the court from exercising subject matter jurisdiction, the plain language of § 1983 bars plaintiff's claim against this quasi-judicial defendant.[5]

### III.     Defendant's Motion to Stay, Plaintiff's Motion for Sanctions

Defendant's motion seeking a stay of all other proceedings in this matter pending resolution of the motion to review is denied as moot.

Plaintiff's motion seeking to strike the motions to review and stay is likewise denied as moot. Plaintiff's motion for sanctions suggests that Kansas Assistant Attorney General Stephen Phillips has committed abuse of process by (1) misrepresenting that plaintiff seeks relief under 42 U.S.C. § 1983 when in fact plaintiff is seeking declaratory relief; (2) failing to show how plaintiff's petition is frivolous or malicious; and (3) claiming that defendant is immune from suit. Plaintiff argues that Mr. Phillips has violated plaintiff's right to due process and interfered with plaintiff's equal access to justice. Mr. Phillips' filing of a legally deficient motion on a basis previously rejected by the court is concerning to the court. The court directs the Clerk of the Court to send a copy of this order to the Clerk of the Appellate Courts of the State of Kansas. The court does not believe, however, that plaintiff's requested sanctions are appropriate and therefore denies the motion.

**IT IS THEREFORE ORDERED** defendant's Motion to Review Magistrate's Order and Motion for Stay (Doc. 8) is denied.

---

[5] 42 U.S.C. § 1983 (providing that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *see Willner v. Frey*, 421 F. Supp. 2d 913, 926 (E.D. Va. 2006) (holding clerk of court may derivatively claim the benefit of absolute judicial immunity in declaratory judgment action where acting within official capacity); *see also Faurot v. Barton*, No. 1:06-cv-01005-AWI-SMS, 2007 WL 3125078, at *5 (E.D. Cal. Oct. 24, 2007) (holding court clerks and executive officer retained quasi-judicial immunity from a suit for damages for rejecting the plaintiff's petition).

-9-

**IT IS FURTHER ORDERED** that plaintiff's Motion to Strike [Defendant's Motion] as well as Sanction Defendant's Counsel [Stephen Phillips] (Doc. 10) is denied.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. The court directs the Clerk of the Court to send a copy of this order to the Clerk of the Appellate Courts of the State of Kansas.

Dated this <u>14th</u> day of May 2012, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**